## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEVIN BABINO, | |
| Plaintiff, | Case No.: |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., and I. C. SYSTEM, INC., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KEVIN BABINO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and I. C. SYSTEM, INC. (hereinafter "IC System") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of DeKalb County, Georgia; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     IC System is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     IC System is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15.     IC System furnished Plaintiff's information to the CRAs, including but not limited to Experian, which was inaccurate.

### FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to Credit Collection, partial account number 796799** (hereinafter "Credit Collection Account") regarding a collection account on behalf of original creditor, Progressive. Plaintiff does not have a Progressive account, nor has he ever applied or given permission to anyone to apply using his information for an account with Progressive.

17.     Plaintiff is alleged to owe a debt to IC System, partial account number 145441*** (hereinafter "IC System Account") regarding a collection account on behalf of original creditor, Sprint. Plaintiff does not have a Sprint account, nor has he ever applied or given permission to anyone to apply using his information for an account with Sprint.

18.    Plaintiff has been a victim of identity theft for many years. Due to this, Plaintiff has been trying to get his credit file corrected since 2020.

19.    In or about early 2021, Plaintiff first became aware of the fraudulent Credit Collection Account and began to dispute it.

20.    In or about July 2023, Plaintiff was preparing to purchase a home. Accordingly, Plaintiff reviewed a copy of his Experian credit report. Upon review, Plaintiff observed personal identifying information including addresses, a phone number, and employer which did not belong to him were reported on his credit report. Further, credit accounts which did not belong to him were being reported, including the erroneous IC System Account.

21.    Shortly thereafter, Plaintiff contacted Experian to dispute the erroneous reporting of the personal identifying information and inaccurate accounts, including the IC System Account, explaining the information and accounts were not his.

22.    On or about July 26, 2023, Experian responded to Plaintiff's dispute by stating it removed the erroneous addresses, phone number, and employer. Further, Experian removed two of the erroneous accounts. However, the fraudulent IC System Account was verified as accurate and updated.

23.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, IC System.

24.    Experian never attempted to contact Plaintiff during the alleged investigation.

25.    Upon information and belief, Experian notified IC System of Plaintiff's dispute. However, IC System failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

26.    On or about September 12, 2023, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed a name which was not his was being reported. Further, the Credit Collection Account was being reported with a status of past due and a balance of $505. Additionally, the IC System Account continued to be reported with a status of past due and a balance of $4,006.

27.    On or about September 12, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report, report number 163806781. In this Report, he explained that he is a victim of identity theft and that accounts were opened under his name and listed in his credit reports.

28.    Due to the continued inaccurate reporting, on or about September 29, 2023, Plaintiff mailed a detailed written dispute letter to Experian. Plaintiff explained that he believed he was a victim of identity theft, and that Experian was reporting a name which was not his. Further, Plaintiff explained that the Credit

Collection Account and IC System Account were not his and did not belong to him. Plaintiff included an image of his driver's license, Social Security card, and recent billing statement to confirm his identity. Plaintiff also included images of the erroneous credit reporting and images of his filed Federal Trade Commission Identity Theft Report, number 163806781.

29.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 9589 0710 5270 1064 3297 90.

30.    On or about October 2023, Experian responded to Plaintiff's dispute letter by sending a postcard which explained the dispute process. Nonetheless, Plaintiff did not receive dispute results in the mail from Experian despite confirmation of receipt of Plaintiff's dispute.

31.    On or about November 3, 2023, Plaintiff obtained an updated copy of his Experian credit report. To Plaintiff's relief, the erroneous Credit Collection Account and IC System Account were no longer appearing on his Experian credit report.

32.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.   Reduction in credit score;

v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

vi.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

33.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

35.    Experian allowed for Furnisher(s) to report inaccurate information on an account.

36.    Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

37.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

38.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

39.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

40.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

41.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42.    Experian allowed for Furnisher(s) to report inaccurate information on an account.

43.    Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

44.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

45.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

46.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

48.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

49.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

50.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

51.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

52.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

53.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

54.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

58.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services
### (Negligent)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

60.     Credit Collection furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

61.     After receiving Plaintiff's disputes, Credit Collection violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

62.     Plaintiff provided all the relevant information and documents necessary for Credit Collection to have identified that the account was fraudulent.

63.     Credit Collection did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had

sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Credit Collection by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

64.   Credit Collection violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

65.   As a direct result of this conduct, action, and/or inaction of Credit Collection, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.   The conduct, action, and inaction of Credit Collection was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

67.    Plaintiff is entitled to recover costs and attorney's fees from Credit Collection in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual damages against Defendant, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, I. C. System, Inc. (Negligent)

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

69.    IC System furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

70.    After receiving Plaintiff's disputes, IC System violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct

its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

71.    Plaintiff provided all the relevant information and documents necessary for IC System to have identified that the account was fraudulent.

72.    IC System did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IC System by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

73.    IC System violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

74.    As a direct result of this conduct, action, and/or inaction of IC System, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and inaction of IC System was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual damages against Defendant, I. C. SYSTEM, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, I. C. System, Inc. (Willful)

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

78.     IC System furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

19

79.     After receiving Plaintiff's disputes, IC System violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

80.     Plaintiff provided all the relevant information and documents necessary for IC System to have identified that the account was fraudulent.

81.     IC System did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IC System by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

82.     IC System violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

83.    As a direct result of this conduct, action, and/or inaction of IC System, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and inaction of IC System was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

85.    Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, I. C. SYSTEM, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KEVIN BABINO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., and I. C. SYSTEM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of January 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*